# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MARQUIS J. CLARK,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　No. CIV 16-046-RAW-SPS
　　　　　　　　　　　　　　　　　)
ROBERT PATTON, et al.,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　)

## OPINION AND ORDER

This action is before the court on Defendant Robert Patton's motion to dismiss. (Dkt. 24). Plaintiff Marquis J. Clark is a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. Plaintiff brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at DCF. The defendants are Robert Patton, former DOC Director; Damon Hininger, President of Corrections Corporation of America; Tim Wilkinson, DCF Warden; Officer Rankins, DCF Unit Manager; Officer Franklin, DCF Recreational Team Member; and Officer Gentry, DCF Chief of Security.

**Facts**

Plaintiff alleges he was employed in the DCF maximum security unit as a pod orderly from July 2014 to June 5, 2015. On June 5, 2015, he was performing his official orderly duties when a maximum security inmate under official escort assaulted him. A single correctional officer had attempted to transport Plaintiff's attacker from the recreational yard to the inmate's cell, when the inmate broke free of his restraints, obtained a weapon, and stabbed Plaintiff multiple times. According to Plaintiff, no correctional personnel attempted to intervene to prevent his injuries. The alleged attacker then voluntarily secured himself in his own cell, while the escorting guard left the scene. Plaintiff asserts this incident violated

the Eighth Amendment, because his health and safety were not protected.

Plaintiff asserts the applicable policy requires that two correctional officers be present when a maximum security prisoner is escorted from a cell. In addition, maximum security prisoners are supposed to be searched when escorted from a cell, and medium security prisoners should not be present when a maximum security prisoner is being escorted. (Dkt. 1 at 5).

Plaintiff further alleges that after the incident, he was taken to the DCF medical satellite where he received nine stitches to close two knife wounds. He complains he since has suffered from recurring dreams, insomnia, paranoia, depression, loss of appetite, and loss of drive. He requires medication for his symptoms. *Id*.

**Standard of Review for Fed. R. Civ. P. 12(b)(6)**

Defendant Patton has filed a motion to dismiss (Dkt. 24), but Plaintiff has not filed a response to the motion. In assessing a motion to dismiss, the court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp.,* 653 F.3d 1281, 1285-86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 132 S.Ct. 1574 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff

requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*. With these standards in mind, the court turns to the merits of the defendants' motion.

**Eleventh Amendment Immunity**

Defendant Patton alleges the Eleventh Amendment bars suit against him in his official capacity for § 1983 claims. Plaintiff's official-capacity claim against Patton actually is a claim against the State of Oklahoma. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988). "[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in [his] official capacity in a suit for damages." *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998). Absent a waiver by the state, or a valid congressional override, the amendment bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

The court, therefore, grants Defendant Patton's motion to dismiss the official-capacity claim against him. Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

**Personal Participation**

Defendant Patton also asserts that Plaintiff has failed to link his conduct to any alleged constitutional violation. Plaintiff's only allegation against Patton is that "ha[d] control" of the prison where plaintiff is incarcerated. (Dkt. 1 at 1). "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not

3

sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Because Plaintiff has failed to show that Defendant Patton participated in the alleged constitutional violations, Patton also must be dismissed from this action in his individual capacity.

**ACCORDINGLY,** Defendant Robert Patton's motion to dismiss (Dkt. 24) is GRANTED, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's claim against Patton in his official capacity is DISMISSED WITHOUT PREJUDICE, based on Eleventh Amendment immunity, and the individual capacity claim against Patton is DISMISSED WITH PREJUDICE for lack of personal participation.

**IT IS SO ORDERED** this 10th day of May 2016.

**Dated this 10th day of May, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma