# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

MARQUIS J. CLARK,

        Plaintiff,

v.                              **No. CIV 16-046-RAW-SPS**

TIM WILKINSON, et al.,

        Defendants.

## OPINION AND ORDER

This action is before the Court on Plaintiff's civil rights complaint (Dkt. 1) and Defendants' motion for summary judgment (Dkt. 47). Plaintiff is a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. The remaining defendants are Tim Wilkinson, DCF Warden; Damon Hininger, Corrections Corporation of America President; Officer Rankins, DCF Unit Manager; Officer Gentry, DCF Chief of Security; and Justin Franklin, DCF Recreational Team Member.[1]

---

[1] Defendant DOC Director Robert Patton was dismissed from this action on May 10, 2016 (Dkt. 27).

**Standard of Review**

Defendants Tim Wilkinson, Damon Hininger, Officer Rankins, and Officer Gentry have filed a motion for summary judgment. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A party opposing a motion for summary judgment, however, may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Plaintiff's Allegations**

Plaintiff alleges the defendants violated his rights under the Eighth Amendment. He claims he was employed in the DCF maximum security unit as a pod orderly from July 2014 to June 5, 2015. On June 5, 2015, he was performing his official orderly duties when a maximum security inmate under official escort assaulted him. A single correctional officer had attempted to transport Plaintiff's attacker from the recreational yard to the

inmate's cell, when the inmate broke free of his restraints, obtained a weapon, and stabbed Plaintiff multiple times. According to Plaintiff, no correctional personnel attempted to intervene to prevent his injuries. The attacker then voluntarily secured himself in his own cell, while the escorting guard left the scene.

Plaintiff asserts the applicable policy requires that two correctional officers be present when a maximum security prisoner is escorted from a cell. In addition, maximum security prisoners are supposed to be searched when escorted from a cell, and medium security prisoners should not be present when a maximum security prisoner is being escorted. (Dkt. 1 at 5).

Plaintiff further alleges that after the incident, he was taken to the DCF medical satellite where he received nine stitches to close two knife wounds. He complains he since has suffered from recurring dreams, insomnia, paranoia, depression, loss of appetite, and loss of drive. He requires medication for his symptoms. *Id.*

**Defendant Justin Franklin**

The record shows that after numerous attempts by the United States Marshals Service, Defendant Justin Franklin was not served in accordance with Fed. R. Civ. P. 4(m). (Dkts. 15, 38, 40, 42, 44). Therefore, Defendant Franklin is dismissed without prejudice from this action.

**Failure to Exhaust Administrative Remedies**

Defendants allege, among other things, that Plaintiff has failed to exhaust the administrative remedies for any of his claims. "No action shall be brought with respect to

3

prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the Court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to DCF Grievance Coordinator Terry Underwood, the facility utilizes the DOC Offender Grievance Process, OP-090124, as its administrative remedies policy. (Dkt. 47-6 at 3). Pursuant to the policy, an inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident. (Dkt. 47-8 at 7). If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, alleging only one issue per form. *Id.* at 8. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a grievance to the review authority, asserting only the issue of the lack of response

to the RTS. *Id.* at 9. If the complaint is not resolved after the response to the RTS, the offender then may file a grievance. *Id.* If the grievance also does not resolve the issue, the inmate may appeal to the DOC Administrative Review Authority (ARA) or the Chief Medical Officer. *Id.* at 13. The administrative process is exhausted only after all of these steps have been taken. *Id.* at 15.

Grievance Coordinator Underwood and ARA Manager Mark Knutson state by affidavit that Plaintiff filed only one grievance related to the incident. (Dkts. 47-6). On June 23, 2015, Plaintiff submitted Grievance No. 2015-1001-214-G with an attached RTS. (Dkt. 47-9). On June 30, 2015, the Grievance Coordinator returned the grievance to Plaintiff unanswered, because the RTS and the grievance did raise the same issue. (Dkt. 47-9 at 10-12). Also, the grievance requested compensation, when OP-090124(II)(B)(4) specifically states that grievances requesting monetary compensation may not be submitted. (Dkt. 47-8 at 5).

Plaintiff appealed the grievance decision to the ARA, and on July 14, 2015, the appeal was returned to him unanswered. (Dkt. 47-9 at 7-8). The returned appeal noted that (1) more than one issue was presented; (2) additional issues submitted in the appeal, but not submitted in the initial grievance, would not be addressed by the ARA; and (3) the issue was not properly addressed through the offender grievance process. *Id.* at 7.

On August 27, 2015, Plaintiff resubmitted an appeal to the ARA, indicating he never received a response to his first ARA appeal. *Id.* at 5. The resubmitted appeal was returned unanswered to Plaintiff on September 1, 2015, with a notation that a copy of the

previous response was being provided to him.  *Id.* at 3.

After careful review of the record, the Court concludes there is no genuine dispute as to any material fact concerning whether Plaintiff has exhausted the administrative remedies for his claims, pursuant to 42 U.S.C. § 1997e(a).  Therefore, Defendants are entitled to  judgment as a matter of law."  Fed. R. Civ. P. 56(a).

**ACCORDINGLY,** Defendant Justin Franklin is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to serve him in accordance with Fed. R. Civ. P. 4(m). Defendants Tim Wilkinson, Damon Hininger, Officer Rankins, and Officer Gentry's motion for summary judgment (Dkt. 47) is GRANTED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 6th day of February 2019.

Ronald A. White
United States District Judge
Eastern District of Oklahoma